Musi, Merkin, Daubenberger & Clark, LLP
21 West Third Street
Media, Pa 19063
(p): (610) 891-8806
(f): (610) 891-8807
dlk@mmdlawfirm.com
Dimitri L. Karapelou, Esquire
ATTORNEY FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>**TIRES RIMS AND PARTS, LLC.**<br><br>*Debtor.* | Chapter 11<br><br>Bankruptcy No.: 24-13582 |

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING**
**CASH MANAGEMENT SYSTEM AND BANK ACCOUNT AND**
**(II) GRANTING RELATED RELIEF**

Upon the Debtor's motion (the "Motion") for entry of an interim order (this "Order") (i) authorizing the Debtor to continue to use its centralized Cash Management System[1] and Bank Accounts, and (ii) granting related relief regarding the requirements of the Office of the U.S. Trustee, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "Hearing"); and upon the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

First Day Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion to be necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and such relief to be in the best interests of the Debtor, its estate and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtor's Banks are authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to filing of the petition for relief under Chapter 11 of the Bankruptcy Code and commencement of the above-captioned Chapter 11 case which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to filing of the Petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any bank, including the Debtor's Banks as service charges for the maintenance of the Cash Management System.

3. Except as otherwise provided herein, the Debtor and the Debtor's Banks are authorized and empowered to continue to maintain, manage, and use the Cash Management System and Bank Accounts consistent with its prepetition practices.

4. All existing deposit agreements and arrangements between the Debtor and its existing depository and disbursement banks (collectively, the "Disbursement Banks"), shall continue to govern the post-petition cash management relationship between the Debtor and the Disbursement Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtor and the Debtor's Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business in accordance with the terms of the existing deposit and disbursement agreements and arrangements, including opening any new bank accounts or closing any existing bank accounts. The Debtor's Banks are authorized to honor the Debtor's requests to close existing bank accounts or open new bank accounts, as Debtor may determine appropriate in its discretion subject to the provisions of paragraph 11. Any changes to the cash management systems and procedures must be disclosed in writing to the US Trustee, and committee of unsecured creditors, if formed, withing five (5) business days prior to any such action.

5. The Debtor and the Disbursement Banks may, without further Order of this Court, agree to and implement changes to the Cash Management Systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, subject to paragraph 11.

6. The Debtor's Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to filing of the Petition should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

5. If any of the Disbursement Banks honor a post-petition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, such Disbursement Bank shall not be deemed to be, nor shall be liable to, the Debtor or its estate or otherwise in violation of this Order.

6. Each of the Disbursement Banks is authorized, in the course of providing cash management services to the Debtor and without further Order of this Court, to deduct from the appropriate accounts of the Debtor its customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or post-petition, and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, regardless of whether such items were deposited prepetition or post-petition and regardless of whether the returned items relate to pre-petition or post-petition items.

7. Debtor shall at all times maintain sufficient balances in accounts at each of the Disbursement Banks to secure their obligations to the Disbursement Banks for cash management and related services to the Debtor.

8. The Debtor is authorized to continue to use its pre-petition business forms, without reference to its status as a debtor-in-possession (other than post-petition checks, which shall bear either a "DIP" or "debtors-in-possession" designation and case number; provided, however, that the following the depletion of the Debtor's business form stock, the Debtor will obtain new business forms reflecting its status as debtor-in-possession and case number. Debtor shall advise the Banks immediately to restyle the Accounts as "Debtor-in-Possession" accounts.

9. The Debtor is authorized to open any new bank accounts or close bank accounts as it may deem necessary and appropriate in its business judgment and discretion, provided that the Debtor will provide notice of same to the Office of the US Trustee within five (5) business days of opening or closing a bank account. The US Trustee will have 14 days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtor and the US Trustee. Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession", must be held at a depository approved by the US Trustee or the Debtor and the specific bank may enter into a depository agreement that is acceptable to the US Trustee, and be designated as "Debtor-in-Possession" accounts with the case number, 24-13582.

10. Nothing in this Order shall prejudice the Debtor's right to seek recovery of any payments from any payee of a check as permitted under Section 547,548,549 or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

11. The US Trustee shall have sixty (60) days from the date of entry of this Order, or such additional time as may be extended through consent of Debtor and the US Trustee or for "cause," to object to the relief granted herein. If the US Trustee does not file a written objection within sixty (60) days from the date hereof, or such additional time as may be extended through consent of Debtor and the US Trustee or for "cause," Debtor shall be authorized to maintain and utilize the Cash Management System and Accounts set forth in the Motion on a permanent basis. If the US Trustee files a written objection within the sixty (60) day period, the Court will schedule the matter for a hearing. In such event, Debtor shall be authorized to maintain the Accounts set forth in the Motion, and shall be excused from opening new debtor-in-possession accounts, pending further Order of the Court.

12. For the avoidance of doubt and notwithstanding anything to the contrary contained herein, Debtor shall not utilize any bank account that is with a bank that is not party to a uniform depository agreement with the Office of the United States Trustee for the Eastern District of Pennsylvania.

13. If the Debtor opens any new bank accounts pursuant to the terms of this Order, the US Trustee shall have sixty (60) days to object thereto or such additional time as may be extended for "cause" by the Court.

14. Debtor is directed to maintain records of all transfers within its cash management system so that all transfers and transactions shall be adequately and promptly documented, and readily ascertainable from, its books and records, to the same extent maintained by Debtor prior to commencement of this Chapter 11 case. Debtor is also directed to maintain its books and records so as to provide a clear line of demarcation between prepetition and post-petition transactions and operations.

15. Notwithstanding the Debtor's use of a consolidated Cash Management System, the Debtor shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the aggregate disbursements of the Debtor, regardless of the Bank Account from which the disbursements are made.

16. Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtor) is to be construed as (i) an admission of the validity of any claim against the Debtor; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtor's rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the

Debtor's rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365 of the Bankruptcy Code.

17. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

18. Accordingly, notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. Notwithstanding anything to the contrary, no provision of this Order shall prevent any of the Disbursement Banks from terminating any cash management services upon not less than fifteen (15) days prior written notice to the Debtor and upon terms reasonably satisfactory to such Disbursement Bank.

20. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

21. The final hearing (the "Final Hearing") on the Motion will be held on November 20, 2024, at 9:30 a.m. (Eastern Standard Time) via Zoom: https://www.zoomgov.com/j/1617268013?pwd=aSL6zBeUmZxR4WaldcOp3REO1Vr8wT.1
Meeting ID: 161 726 8013
Passcode: 693594

BY THE COURT:

*Patricia M. Mayer*
_____
UNITED STATES BANKRUPTCY JUDGE
Hon. Patricia M. Mayer

10/15/24