Musi, Merkin, Daubenberger & Clark, LLP
21 West Third Street
Media, Pa 19063
(p): (610) 891-8806
(f): (610) 891-8807
dlk@mmdlawfirm.com
Dimitri L. Karapelou, Esquire
ATTORNEY FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| TIRES RIMS AND PARTS, LLC. | Bankruptcy No.:  24-13582 |
| *Debtor.* | |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

A. This matter is before the Court on the motion of Tires, Rims and Parts, LLC (the "Debtor") for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. Section 363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to the (1) the United States Trustee, (2) the Sub-Chapter V Trustee; (3)  the U.S. Small Business  Administration; (4) Fora Financial, LLC;  (5) Advanced American Funding, LLC; (6) Kash Advance, LLC; (7) Litefund Solutions, LLC;  and (8) EBF Holdings LLC d/b/a Everest Business Funding.  The Court considered the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. **Chapter 11 Filed.**    Debtor filed its petition under Chapter 11 of the Bankruptcy Code on October 4, 2024 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

1

B. **Pre-Petition Debt**. The SBA has asserted a secured claim against the Debtor in the approximate principal amount of $1,906,929.00 (the "Pre-Petition Debt") as of the Petition Date. SBA has, and the Debtor has acknowledged and agreed that SBA has, as of the Petition Date, a valid and subsisting first lien and security interest in the Debtor's assets including equipment, machinery, accounts and accounts receivables and the proceeds and products therefrom as more particularly described in the Security Agreement and UCC-1 Financing Statement attached to the Motion as Exhibit "A" ("Collateral") securing the Debtor's indebtedness, in the principal amount of $1,906,929.00, together with accrued interest, fees and costs, which indebtedness is not subject to defense, offset or counterclaim of any kind or nature and that said debt is an allowed, fully secured claim under Sections 506(a) and 502 of the Bankruptcy Code. Said determination shall be binding upon the Debtor-in-Possession, but shall not bind any successor-in-interest to the Debtor-in-Possession, who shall have sixty (60) days after appointment to contest the scope, validity, perfection and/or amount of SBA's claim.

C. **Pre-Petition Collateral**. SBA has made prima facie showing that it has a properly perfected lien on the Debtor's property (including proceeds) at the commencement of the case, including the Debtor's accounts, inventory and other collateral which is or may result in cash collateral.

D. **Cash Collateral**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9- 306.

E. **Necessity and Best Interest.** The Debtor does not have sufficient unencumbered cash

2

or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as Exhibit A, for the next 90 days (the "Cash Collateral Budget").

    **F.**    **Purposes.** The Debtor is authorized to use cash collateral to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by SBA ) for the payment of actual expenses of the Debtor necessary to (a) maintain and preserve its assets, and (b) continue operation of its business, including payroll and payroll taxes, and insurance expenses as reflected in the cash collateral budget.

    The Court having determined there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown, the following is hereby

    **ORDERED** that Debtor's use of cash collateral is hereby approved for the periods and in accordance with the cash collateral budget attached hereto as Exhibit A. Debtor may use cash collateral for the following purposes:

    a. maintenance and preservation of its assets: and

    b. the continued operation of its business, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs; and it is further

    **ORDERED** that SBA is GRANTED a replacement perfected security interest under Section

3

361(2) of the Bankruptcy Code to the extent SBA's cash collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that SBA held in the Debtor's pre-petition collateral; and it is further

**ORDERED** that EBF Holdings LLC d/b/a Everest Business Funding is granted a replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent EBF Holding's cash collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that EBF Holdings, LLC held in the Debtor's pre-petition collateral, to the extent such lien was properly perfected; and it is further

**ORDERED** that upon reasonable notice by the SBA, Debtor shall permit such creditor and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements; and it is further

**ORDERED** that this is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the SBA to the relief granted herein: (b) bar SBA from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same: or (c) require the SBA to make any further loans or advances to the Debtor. The Order may be modified for cause shown by the Debtor, SBA or any other party-in-interest on due notice. No such modification, however, shall deprive the SBA of its interest in Debtor's property (pre-petition and post-petition); and it is further

**ORDERED** that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the

4

the 10th day of November of 2024 [year], at 5:00 p.m., a written objection and shall appear to advocate said objection at a Final Hearing to be held at 9:30 a.m. on the 20th day of November, 2024 by remote proceedings: (link below). In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3); and it is further

**ORDERED** that the Debtor serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2) The Sub-Chapter V Trustee; (3) the U.S. Small Business Administration;  4) Fora Financial, LLC;  (5) Advanced American Funding, LLC; (6) Kash Advance, LLC; (7) Litefund Solutions, LLC; and (8) EBF Holdings LLC d/b/a Everest Business Funding.  Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

The Zoom link is:

https://www.zoomgov.com/j/1617268013?pwd=aSL6zBeUmZxR4WaldcOp3REO1Vr8wT.1

Meeting ID: 161 726 8013
Passcode: 693594

10/15/24

*Patricia M. Mayer*

Honorable Patricia M. Mayer

# EXHIBIT A

| 90 Day Projection | 1 month | 3 months |
|---|---:|---:|
| **Revenue** | $46,712 | $140,136 |
| **Expenses** | | |
| Van Insurance | $6,139.22 | $18,417.66 |
| Payroll 6 drivers | $14,600.00 | $43,800.00 |
| Payroll for Lisa and Jeff Myers | $4,000 | $12,000.00 |
| Fuel | $5,830.00 | $17,490.00 |
| Workers Comp | $1,536.00 | $4,608.00 |
| Van Payments | $7,913.25 | $23,739.75 |
| SBA EIDL loan payment proposed | $1,500.00 | $4,500.00 |
| Professional Fees accruing | $1,000.00 | $1,000.00 |
| Sub Chapter V Trustee accruing | $500.00 | $1,500.00 |
| Total expenses | $43,018.47 | $129,055.41 |
| **Net Income** | $3,693.53 | $11,080.59 |